UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AKO BURRELL,
            Plaintiff

VS

Tia Van Winkler
N. Perdek
LaPorte
D. Traglia
D. Bektic
Bonk
State of New York DOCCS
            Defendant(s)
In their Individual & dual
Capacities

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 25 2024
AT_____O'CLOCK_____
John M. Domurad, Clerk - Syracuse

---

1.) This is an action for damages sustained by a citizen of the United States against Parole Officers of the NYS DOCCS, who unlawfully detained, assaulted, harassed, imprisoned, & oppressed with retaliation against the Bureau Chief as the Supervisory Officer responsible for the conduct of the defendant(s) & for his failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training & supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, & against the NYS DOCCS as the employer of the Parole personnel, which is sued as a person under 92 U.S.C. 1983.

(1)

## JURISDICTION

2.) This action is brought pursuant to 42 U.S.C. 1983 & 1988 and the First, Fourth, Fifth, Eighth, & Fourteenth Amendments to the Constitution of the United States.

3.) The jurisdiction of this Court is predicated on 28 U.S.C. 1343 (3) & (4) & 1331.

## Parties

4.) Plaintiff AKO Burrell is a resident of and at all times relevant to the allegations of this complaint was a resident of Oneida County & a citizen of the United States.

5.) At all times relevant hereto, defendant Tia Van Winkler was a Parole Officer employed by the NYS DOCCS to perform duties in the City of Utica & was assigned to Utica area.

6.) At all relevant times, he was acting in such capacity as the agent, servant, & employee of defendant she is sued individually & in her official capacity.

7.) At all times relevant N. Pezdek was a Senior Parole Officer employed by the NYS DOCCS to perform duties in the City of Utica. At all times relevant he was acting in such capacity as the agent, servant, & employee of defendant he is sued individually & in his official capacity.

8.) At all times relevant D. Traglia was a Parole Officer employed by the NYS DOCCS to perform duties in the City of Utica. At all times relevant he was acting in such capacity as the agent, servant, & employee of defendant he is sued individually & in his official capacity.

(2)

9.) At all times relevant hereto, Defendant LaPorte was the duly appointed Bureau Chief of the Parole Utica area. As such he was the Commanding officer of defendant(s) VanWinkler, Pezdek, D. Traglia, & D. Bektic, and was responsible for their training, supervision, & conduct. He was also responsible by law for enforcing the regulations of the Title 9 of New York Codes Rules, & Regulations & for ensuring that Parole Personnel obey the laws of the State of New York & of the United States. At all times relevant he was acting in such capacity as the agent, servant, & employee of the defendant New York State. He is sued individually & in his official capacity.

10.) The defendant NYS DOCCS is a municipal corporation within the state of New York, and at all relevant times, it employed defendants VanWinkler, Pezdek, LaPorte, D. Traglia, D. Bektic, & Bonk.

11.) At all times relevant hereto and in all their actions described herein defendants VanWinkler, Pezdek, LaPorte, D. Traglia, & Bektic were acting under color of law & pursuant to their authority as Parole Personnel.

12.) At all times relevant hereto D. Bektic was a Parole officer employed by the NYS DOCCS to perform duties in the city of Utica. At all times relevant he was acting in such capacity as the agent, servant, & employee of defendant he is sued individually & in his official capacity

13.) At all times relevant Bonk was a Correction officer employed by NYS Doccs to Perform duties in the Wende Corr. Fac. At all times relevant he was acting in such capacity as the agent, servant, & employee of defendant he is sued individually & in his official Capacity.

FACT (S)

14.) On or about June 21, 2024, while enroute to Utica, NY from Wende Corr. Fac, Tamar Knight received a phone call informing him to place plaintiff on the phone, plaintiff was informed to report to Parole by 2:00pm.

15.) Plaintiff arrived at Parole, and was informed by Van Winkler, he would have to live at 207 Augter at the Shelter, because his mother Patricia Campbell did not want him living there due to medical Complications.

16.) Furthermore plaintiff will have to wear a GPS monitor due to threats he made while incarcerated to harm C.O.'s, Parole officers, their families. This is due to a report written by Defendant Bonk

17.) Defendant Van Winkler then informed Plaintiff he can leave. That evening Van Winkler came to 1541 Oneida Street, the residence of Patricia Campbell.

18.) Van Winkler, Came there with eleven (11) other Parole officers who broke the ring alarm camera System Van Winkler covered the doorbell with her finger & refused to identify herself.

19.) Once inside the residence she & her co-workers made a attempt to search the entire Primeter of the home, & began destroying property.

(4)

20.) On or about June 26, 2024, Plaintiff was informed the GPS was not operable, & needed to be alternated. At this time Defendant(s) Pezdek, Pelligrino, & LaPorte entered Van Winkler office. They informed Plaintiff that the NYS Attorney General office informed them of outstanding lawsuits pending against mutiiple Docs staff.

21.) Pezdek, Pelligrino, & Van Winkler made mention of several suits specifically filed against Oneida County Sheriff maciol, who they said was family. And Gerhardt & LaCoppla in midstate. They said in the event the cases against Gerhardt & LaCoppla get dismissed then the bracelet will be removed.

22.) Plaintiff asked Van Winkler "I thought you said this was over some threats". Van Winkler, informed me that I had several claims against Wende Officials White, Sean, & Fox. She said Defendant Bonk wrote a report of threats she is using that on grounds to implement the GPS, but again if I withdraw the cases against them I'll have the GPS removed.

23.) Plaintiff refused, Pelligrino then applied the bracelet so tight I could hardly walk, I asked for it to be looser they refused & said its protocol.

(5)

24.) Van Winkler, Perdek, & LaPorte informed Plaintiff to report to the office. Plaintiff was informed by his attorney Alicia Loomis that a counter-suit was potential by Defendant Gerhardt.

25.) Plaintiff was contacted by a client who was incarcerated at Midstate Corr. Fac. Elijah Brown, who was in dire need of legal representation on his Tier III hearing. Brown made the deposit, Plaintiff contacted Midstate & Defendant Gerhardt who Plaintiff is suing in a separate complaint answered & Plaintiff provides his reasons for calling.

26.) Defendant(s) Van Winkler, Perdek, & LaPorte had Plaintiff enter the Parole Office, and accompany Cassandra Lockwood Owner of Phoneix Radio 95.5 & for The Good Non-Profit. These Defendants were adamant Plaintiff was not legally a Paralegal & could not represent Mr. Brown.

27.) Mrs. Lockwood explained that Plaintiff was a Paralegal, & could legal represent these parties. LaPorte became irate, & calmed, & stated "Well, here the ultimatum Mr. Burrell give me 30 days of charging your GPS & drop those grievances on me, Van Winkler, Perdek, that PREA complaint on Van Winkler, & those (2) law suits in Midstate, & you'll be off the GPS in 30 days & off Parole in 2 years, how's that for a deal."

28.) Plaintiff refused & exited the Parole office, he was given a new charger, & GPS monitor, upon arrival to the 95.5 office, both were defective.

(6.)

29.) On or about August 06, 2024, Plaintiff informed Van Winkler that he was switching his address to 807 Hamilton with Shaunicee Turner. She states "Your not with King no more." Plaintiff states "No." She grabbed Plaintiff face & gave him a kiss on the mouth. Plaintiff Jerked back in surprise.

30.) Van Winkler stated " You deal with all the wrong women, you never even look me in the eye, I'm the girl you need. I picked your file." Plaintiff was sitting in his chair & then his penis was fondled, squeeze tight. He pushes Van Winkler off his lap & she states " Now your getting violated, your going to regret that."

31.) Plaintiff was informed that he was receiving a violation for a GPS failure to charge. Plaintiff states " you keep giving defective chargers." Van Winkler looked at Perdek & states "It's apart of the plan. You'll be back in jail soon."

32.) Plaintiff said to Van Winkler "Is this over that other shit from earlier?" She stated you know it is enroll into the Shelter & you'll be fine, but I don't want you with other women your mom's house is fine."

33.) Plaintiff ignores these demands & proceeded out the Parole Office. Plaintiff informed LaPorte that he has filed several grievances & needs the Directive for GPS monitoring to refute allegations. LaPorte informed him Perdek & Van Winkler has that grievance & no we won't provide the directive, now leave or be arrested for trespassing.
(7)

34.) On September 03, 2024, plaintiff reported to Parole & informed Defendant Van Winkler he had a job interview at Briggs & Straton & could not be late. 10:30am. She ordered Plaintiff to remain in the waiting room pass 10:30, & Defendant D. Traglia & D. Bektic brought Plaintiff into the back holding room placed him in handcuffs & shackles.

35.) Van Winkler & LaPorte stripped searches Plaintiff, & anally penetrates him in a quest for contraband. Stating "You might've came with drugs to take in jail with you." Once no drugs were recovered D. Traglia broke the GPS charger, & allowed Plaintiff to leave the Parole building. On 09/04/24, Van Winkler told Plaintiff to report to Parole to replace the broke charger. Plaintiff informed Van Winkler he was in NYC for a job with Amy Thine Agnew, & NYC Parks & Recreation. Plaintiff informed his mother to go to Parole in Utica meet with Van Winkler & alternate the chargers. She failed to do so.

36.) Plaintiff then made an attempt to take the Bus to Utica, but missed it by 10 minutes & reported to Manhattan (3) to receive a new charger. The SPO contacted SPO Pezdek & informed Plaintiff Pezdek did not know who he was or what he was referring to. Plaintiff exit the area.

(8)

37.) On or about September 06, 2024, Plaintiff was hit by a vehicle going to Penn station. He was brought to Harlem hospital where he was told the wait would be hours he refused to wait. Plaintiff lost his cell phone

38.) Plaintiff then took another bus from NYC to Utica, upon arrival, Plaintiff went right Wynn hospital. Plaintiff remained in the Wynn for (1) day & 1/2 where he was found to have a Pinch nerve, rib contusion, & knee contusion & given crutches.

39.) Plaintiff informed his mother to report to Van Winkler his conditions, his return to the area, the misplacement of his phone, & his need of a GPS charger. His mother never did.

40.) Cyteria King Plaintiff girlfriend (fiancé) is a LPN & she ordered Plaintiff to her home while being treated, Van Winkler, & a Parole task force entered Ms. King home & escorted Plaintiff to a court

41.) Van Winkler informed Plaintiff he had a absconding warrant, Plaintiff was shocked. Plaintiff was brought to OCJ where he drafted the complaint & finalized it. Plaintiff attended a Roh hearing where Van Winkler insisted Plaintiff remain in custody, due to being 30 minutes late to a preliminary hearing for her retaliation violation 08/06/2024.

(9)

42.) The allegations set forth in Paragraphs 1 – 38 are incorporated herein by reference.

43.) The herein above described actions & omissions, engaged in under color of state authority by the defendants, including defendant NYSDOCCS, sued as a person, responsible because of its authorization, condonation, & ratification thereof for the acts of its agents, deprived the Plaintiff of rights secured to him by the Constitution of the United States including, but not limited to, his 1st Amendment right to Freedom of expression, redress government, his 4th Amendment right to be free from unlawful seizure of his person, his 5th & 14th Amendment rights to due process of law, including the right to be free from un-justified & excessive force utilized by Parole, & his 8th Amendment right to be free from Cruel & Unusual Punishment.

### Exhaustion of Remedies

44.) Plaintiff exhausted his remedies in all respect in this action.

### Federal Cause(s) of Action

45.) The following is the claims giving ground to the complaint. Plaintiff provides the grave constitutional injuries he has incurred due to the defendants actions, failures & negligence.

(10)

46.) Van Winkler, Pezdek, & LaPorte providing plaintiff with defective GPS monitors & chargers to deliberate indifferent him from charging & causing a violation was a conspiracy to violate his post release & file a #30 charge violation against plaintiff resulting in incarceration from 09-11-2024 until violated plaintiff 1st, 8th, & 14th Amendment Right(s) pursuant to the U.S. Constitution.

47.) D. Traglia, Van Winkler, LaPorte, Pelligrino & D. Bektic sexually assaulting me, placing me in shackles, detaining plaintiff strip searching him, & anally penetrating him for 2 hours, forcing him to miss his job interview at Briggs & Straton, destroying his GPS monitor, & causing physical injuries violated plaintiff 1st, 4th, 8th, & 14th Amendment Right(s) Pursuant to the U.S. Constitution

48.) Van Winkler sexually assaulting plaintiff, sexually harrassing plaintiff, & retaliating against plaintiff with violations for being in relationships with Shaunieu Turner & Cyteria King. Violated plaintiff 1st, 4th, 8th, & 14th Amendments to the U.S. Constitution.

(11)

49.) Van Winkler placing a GPS monitor on Plaintiff for filing lawsuits against Oneida County, & numerous Doccs Correctional Officers. SPO Pezdek, placing Plaintiff on a GPS in retaliation for filing grievances & lawsuits against Doccs. Violated Plaintiff 1st, 8th, & 14th Amendment Right(s) Pursuant to the U.S. Constitution.

50.) Burea Chief LaPorte placing Plaintiff on a GPS monitor, denying Plaintiff the right to litigate at Tier III hearing(s), provide legal assistance to incarcerated individuals, & conduct legal visits as a paralegal to Correctional Facilities. In retaliation of filing grievances, PREA, & lawsuits against Oneida County Correctional Facility. Violated Plaintiff 1st, 5th, 8th, & 14th Amendment Right(s) to the U.S. Constitution.

51.) Van Winkler, Pezdek, & LaPorte, refusal to provide the GPS Directive, to protest & file an articulate grievance citing the NYS Doccs Policy on there being no legal grounds for a GPS violated Plaintiff right to redress the government. They provided all other documents except that one which deliberately indifferented me from litigating. Violating my 1st, 4th, 5th, 8th, & 14th Amendments Rights Pursuant to the U.S. Constitution.

52.) Van Winkler placing a GPS monitor on Plaintiff, with Pelligrino assistance so tight it caused no blood circulation, laceration, bruising, & swelling after Plaintiff informing them of the injury, & them stating "Drop those lawsuits nigger." Violated Plaintiff 1st, 8th, & 14th Amendment Right(s).

(12)

53.) As a result of the misconduct hereinbefore described, plaintiff Ako Burrell experienced humiliation, emotional distress, pain & suffering, incurred expenses, including legal fees, in connection with his defense on the charge(s) which were lodged against him, and was otherwise damaged. He also was physically injured as a result of the conduct alleged in paragraph(s) 1-43.

54.) On information & belief, the abuse to which plaintiff was subjected was consistent with an institutionalized practice of the NYS DOCCS Utica area, which was known to & ratified by defendant(s) Van Winkle, Pezdek, LaPorte, D. Troglia, & D. Bektic. @ NYSDOCCS, the defendant(s) having no time taken any effective action to prevent Van Winkler Pezdek, & LaPorte Parole personnel from continuing to engage in such misconduct.

55.) On information & belief, defendants NYSDOCCS had prior notice of the vicious propensities of defendants Pezdek, Van Winkler, D. Troglia, & D. Bektic, but took not one step to train them, correct their abuse of authority, or to discourage their unlawful use of authority. The failure to properly train defendant(s) Van Winkler & Pezdek included the failure to instruct them in applicable provisions of the Title 9 New York Codes, Rules, & Regulations & with proper & prudent use of force.

(13)

56] On information & belief, defendant(s) NYS DOCCS & Van Winkler, Pezdek, & LaPorte, authorized, tolerated as institutionalized practices, & ratified the misconduct hereinbefore detailed by:

(a) Failing to properly discipline, restrict & control employees, including defendant(s) Van Winkler, Pezdek, LaPorte, D. Troglia, & D. Bektic, known to be irresponsible in their dealings with citizens of the community;

(b) Failing to take adequate precautions in the hiring, promotion & retention of parole personnel, including specifically defendants.

(c) Failing to forward to the office of the Attorney General & OSI evidence of criminal acts committed by parole personnel.

(d) Failing to establish &/or assure the functioning of a bona fide & meaningful departmental system for dealing with complaints of parole misconduct, but instead responding to such complaints with bureaucratic power & official denials calculated to mislead the public. This conduct also constitutes gross negligence under state law.

57] As a consequence of the abuse of authority detailed above, plaintiff sustained the damages herein before alleged

(14)

WHEREFORE, Plaintiff, Ako Burrell, demands the following relief jointly & severally, against all the defendants:

A. Compensatory damages in the amount of $ 150,000,000.00
B. Punitive damage in the amount of $ 20,000,000.00
C. Attorney Fee(s) pursuant to 42 U.S.C. 1988
D. Such other & further relief as this Court may deem appropriate under the circumstances

Pro-se; Plaintiff
Ako Burrell

AKO Burrell #
6075 Todd Rd.
Oriskany, NY 13424

ONEIDA COUNTY JAIL
INMATE MAIL

United States District Court
Northern District of New York
100 S. Clinton St.
Syracuse, NY 13261-7367

13261-736767



AKO Burrell #19070
6075 Judd Rd
Oriskany, NY 13424

United States District Court
Northern District of New York
100 S. Clinton St
Syracuse, NY 13261