UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AKO K. BURRELL,

        Plaintiff,

    -v-                              6:24-CV-1169

TIA VAN WINKLER *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

AKO K. BURRELL
Plaintiff, Pro Se
19070
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On September 25, 2024, *pro se* plaintiff Ako Burrell ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that officials employed by the New York State Department of Corrections and Community Supervision ("DOCCS") violated his civil rights while he was out on parole. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 2, 3.

On October 30, 2024, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed in part. Dkt. No. 5. As Judge Katz explained, plaintiff's claims against DOCCS and his official-capacity damages claims against the individual defendants should be dismissed <u>with prejudice</u> on the basis of sovereign immunity. *Id*.

Further, Judge Katz found that any Fifth Amendment due process claim was subject to dismissal <u>with prejudice</u> because that amendment only applies to the federal government, not to State actors such as defendants. Dkt. No. 5. Likewise, Judge Katz found that plaintiff's Eighth Amendment claims were subject to dismissal <u>with prejudice</u> because a parolee's excessive force claims must be analyzed under the Fourth Amendment. *Id*.

With those rules in mind, Judge Katz recommended that three groups of plaintiff's claims should survive dismissal: his (1) Fourteenth Amendment due process claims against defendants Van Winkler, LaPorte, Pezdek, and Pelligrino; (2) Fourth Amendment excessive force / unreasonable search and seizure claims against defendants Traglia, Bektic, Van Winkler, LaPorte, and Pelligrino; and (3) First Amendment retaliation claims against defendants Van Winkler, Pezdek, Pelligrino, and LaPorte.[1] Dkt. No. 5.

---

[1] Notably, however, Judge Katz concluded that any First Amendment retaliation claim arising from the denial of plaintiff's purported "right" to "litigate at Tier III hearings" on behalf of others should be dismissed.

Finally, Judge Katz advised that any other claims set forth in plaintiff's complaint be dismissed <u>without prejudice</u>.  Dkt. No. 5.

Plaintiff has not filed objections, and the time period in which to do so has expired.  *See* Dkt. No. 5.  Upon review for clear error, Judge Katz's R&R is accepted and will be adopted in all respects.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 5) is ACCEPTED;

2.  The Clerk of the Court is directed to ADD defendant Pelligrino to the docket report in this action;

3.  Plaintiff's claims against DOCCS are DISMISSED with prejudice;

4.  Plaintiff's official-capacity damages claims against the individual defendants are DISMISSED with prejudice;

5.  Plaintiff's Fifth Amendment claims are DISMISSED with prejudice;

6.  Plaintiff's Eighth Amendment claims are DISMISSED with prejudice;

7.  The following claims in the complaint SURVIVE initial review and REQUIRE A RESPONSE from defendants or their counsel:

   (1) Fourteenth Amendment due process claims against defendants Van Winkler, LaPorte, Pezdek, and Pelligrino;

(2) Fourth Amendment excessive force / unreasonable search and seizure claims against defendants Traglia, Bektic, Van Winkler, LaPorte, and Pelligrino; and

(3) First Amendment retaliation claims against defendants Van Winkler, Pezdek, Pelligrino, and LaPorte;

8. Plaintiff's remaining claims, including any claims against defendant Bonk, are DISMISSED without prejudice; and

9. This matter is REFERRED to Judge Katz for an appropriate order relating to service on the named defendants.

The Clerk of the Court is directed to terminate the pending motion.

IT IS SO ORDERED.

Dated: November 20, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge