# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

Ako Burrell,

    Plaintiff,

                  6:24-CV-1169
                  (DNH/MJK)

-v.-

Tia Van Winkler,
N. Pezdek, D. Traglia, LaPorte,
D. Bektic and Pelligrino,

    Defendants.

---

Ako Burrell, Plaintiff, *pro se*
Peter A. McDaniel, Esq., Assistant Attorney General for Defendants

Mitchell J. Katz, U.S. Magistrate Judge

## MEMORANDUM-DECISION AND ORDER

  Currently before the Court is Burrell's Motion to Compel Discovery

(Dkt. 42, 50)[1] [2] and "Motion For Order That Matter Is Admitted On

Grounds Of Insufficiency Of Answer or Object" (Dkt. 45). Defendants

---

[1] The Court notes that Burrell's motion contains numerous redactions, suggesting that he utilized the same motions papers in an unrelated action. Specifically, the Court notes that the civil action number and the defendant's name from an unrelated action have been redacted.

[2] Burrell's submission at Dkt. 50 is deemed a reply which is not allowed under Local Rule 7.1(a)(2) and will not be considered by the Court. Even if considered, Burrell's reply would not change the Court's ruling on his motions.

1

oppose Burrell's motions. (Dkt. 46). For the reasons stated below, Burrell's motions are denied.

## I.    FACTS AND PROCEDURAL HISTORY

The Court assumes the parties' familiarity with the facts and procedural history of this matter.

## II.    DISCUSSION

### A. Legal Standard

Under Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26 directs the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re "Agent Orange" Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008)).

"Motions to compel made pursuant to Fed. R. Civ. P. 37 are 'entrusted to the sound discretion of the district court.'" *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18-CV- 11681, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)). Where a party fails to participate or otherwise cooperate in discovery, the opposing party can seek an order compelling certain discovery. *See* Fed. R. Civ. P. 37.

### B. Burrell has not complied with N.D.N.Y. Local Rule 37.1

Defendants assert that Burrell's motions should be denied because he failed to comply with Local Rule 37.1. (Dkt. 46, Def. Mem. of Law, pgs. 4-5). Defendants are correct. Local Rule 37.1 requires the following steps to be taken prior to a party making a discovery motion:

   a. Parties must make good faith efforts among themselves to resolve or reduce all differences relating to discovery prior to seeking court intervention.

   b. The moving party must confer in detail with the opposing party concerning the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution. Failure to do so may result in denial of a motion to compel discovery and/or imposition of sanctions.

   (L.R. 37.1(a), (b)).

3

On September 25, 2025, Burrell sent Defendants' counsel a letter "pointing out their [discovery] responses were a month late and requesting that they respond immediately." (Dkt. 42, ¶ 2). Defendants' counsel contends that "there is no record of [his] office receiving such correspondence." (Dkt. 46, Def. Mem. of Law, pg. 5).[3] Notably, Defendants responded to Burrell's (i) Request For Production of Documents on July 11, 2025 (Dkt. 42, pg. 15), (ii) Interrogatories served on Defendant Van Winkler in June 2025 (Dkt. 42, pg. 20), and (iii) Interrogatories served on Defendant LaPorte in August 2025 (Dkt. 42, pg. 24), prior to the September 2025 letter. Defendants' discovery responses contain various objections, and there is nothing in the record suggesting that Burrell responded to or otherwise made any effort to resolve them before filing the pending motions.

Burrell further alleges that because Defendants did not respond to his September 2025 letter, he "wrote to defendants counsel on ____,[4] in an attempt to resolve informally as required by Local Rule." ((Dkt. 42, ¶ 6). Burrell does not (i) provide the date of his second purported letter,

---

[3] All page references are to the CM/ECF pagination system.

[4] The blank appears in the original.

4

(ii) state his objections to Defendants' discovery responses, and (iii) indicate how he proposed to resolve his discovery dispute with Defendants.

Burrell's *pro se* status does not excuse his failure to abide by the Court's procedural rules. "As has often been recognized by both the Supreme Court and Second Circuit, even pro se litigants must obey a district court's procedural rules." *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 426-27 (N.D.N.Y. 2009) (citations omitted). And because of his extensive litigation history, Chief United States District Judge Brenda K. Sannes revoked Burrell's special status as a *pro se* civil rights litigant. *See Burrell v. Global Tel Link, et al.*, No. 9:24-cv-1377 (BKS/TWD) (N.D.N.Y. Dec. 23, 2024). Burrell cannot deny that he is unfamiliar with the local rules of practice and cannot justify his failure to comply with the same. Burrell's motions are therefore denied.[5]

---

[5] Defendants incorrectly rely on G.O. 25 as a basis for denying Burrell's motion. G.O. 25, Section VIII(A) states that "no non-dispositive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judge's chambers." However, Local Rule 37.1(c) states in part that "[p]ro se parties who are incarcerated are not subject to the court conference requirement prior to filing a motion to compel discovery."

### C. Defendants have complied with their discovery obligations

On March 24, 2025, the Court issued a Mandatory Pretrial Discovery And Scheduling Order In Civil Rights Actions brought By Inmates Pro Se ("Scheduling Order"). (Dkt. 29). Section I(A)(2) of the Scheduling Order required Defendants, within 60 days of March 24, 2025, to:

> provide to plaintiff copies of all documents and other materials in the care, custody, or control of any defendant or the defendant's employer if the employer is a public entity such as the New York State Department of Corrections and Community Supervision (DOCCS) related to the claims or defenses in the case. Where applicable, such documents and materials shall include those documents and materials described in Attachment A hereto.[6] In the cases listed in Attachment A hereto, provision of the documents and materials described therein shall constitute presumptive compliance with this Order.

On May 23, 2025, within 60 days of the March 24, 2025 Scheduling Order, Defendants served their initial disclosures on Burrell, consisting of 277 pages of material. (Dkt. 46-5). Further, Defendants' discovery responses, attached by Burrell to his motion papers, prove that they

---

[6] This footnote quotes footnote number "1" from Section I(A)(2) of the Scheduling Order: "If any document, or any portion thereof, otherwise required to be disclosed is withheld for any reason, defense counsel shall (a) obtain a complete copy of any such document and retain the document in counsel's office until the conclusion of litigation, and (b) serve a log in conformity with Fed. R. Civ. P. 26(b)(5) identifying any withheld document and the grounds upon which it has been withheld."

were served timely. (Dkt. 42, pgs. 9-24). Again, to the extent that Burrell had specific objections to Defendants' responses, there is no evidence in the record that he communicated those objections to Defendants. And without having made any apparent effort to resolve his objections, Burrell's motions are denied.

### D. Defendants' objections to Burrell's document demands

Burrell's motion to compel (Dkt. 42) would be denied even if he had complied with the Local Rules because his document demands are overly broad and lack a reasonable degree of specificity.

Burrell requested production of: "(1) All books, memorandum, ledger; (2) E-mails may be produced in the form of hard copy to the requesting email system; (3) Emails between ORC Hoskins; and Van Winkler; (4) Evidence of threats; (5) GPS Regulation; Directive; (6) Use of Force; (7) Text Messages; (8) NYS DOCCS Parole Manual;[7] (9) NYS DOCCS Parolee Rights; (10) NYS Parole Search and Seizure Policy;

---

[7] Notwithstanding their objections to Demand No. 8, Defendants produced what they deemed to be documents responsive to this demand at Bates Nos. 84-124. (Dkt. 42, pg. 13).

(11) NYS DOCCS Parole Training Manual; (12) SPO Pezdek, LaPorte, Traglia, Bektic & Van Winkler emails pertaining to Plaintiff;[8] (13) GPS Monitor; and (14) Plaintiff entire Parole file." (Dkt. 42, pgs. 9-15). The document requests largely lack any degree of specificity to the point that considering proportionality, Defendants' objections were proper. *See Kennedy v. Cont. Pharmacal Corp.*, No. CV 12-2664, 2013 WL 1966219, at *2 (E.D.N.Y. May 13, 2013) ("There is no specificity to the requests and no effort to limit these requests to any relevant acts alleged in this action. Lacking relevance and specificity, the requests are vague, overly broad, and unduly burdensome").

### E. Burell's Requests for Admission

Burrell's  motion for an "Order That Matter is Admitted on the Grounds of Insufficiently of Answer or Object" (Dkt. 45) is denied. Burrell alleges that Defendants response to his Request For Admissions "does not contain a specific answer" and "does not [] comply with the requirements of rule 36(a), nor does it state any objection to movant request for admission." (Dkt. 45, ¶ 3). Defendants' objection, among

---

[8] Notwithstanding their objections to Demand No. 8, Defendants produced what they deemed to be documents responsive to this demand at Bates Nos. 1-83. (Dkt. 42, pg. 13).

others, that Burrell's request "is not simple, direct, nor limited to singular relevant facts …" was appropriate. (Dkt. 46-7).

Rule 36(a) provides:

(1) ***Scope.*** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents.

Rule 36(a)(2) provides:

***Form: Copy of a Document***: Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

"The requesting party bears the burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification". *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). A party on whom a request for admission has been served may (1) do nothing; (2) move for an extension; (3) move for a protective order; (4) admit the matter;

9

(5) deny the matter; (6) set out the reasons why it cannot truthfully admit or deny the matter; or (7) object to the request for an admission. *Id.* (citing 8B Federal Practice & Procedure § 2259 (Wright & Miller 3d ed.)).But Rule 36 is "not a discovery device." *T. Rowe Price Small-Cap Fund v, Oppenheimer & Co.*, 174 F.R.D, 38, 42 (S.D.N.Y. 1997).

Burrell's request does not comply with Rule 36(a)(2). The exhibit attached to Burrell's request is a compilation of "over three hundred pages of paper, some bates stamped and others not, which appear to be sourced from Plaintiff's previous litigations." (Dkt. 46, Defs. Br., pg. 7). Rule 36(a)(2) requires Burrell to separately present each document that he wanted Defendants to respond to. Burrell's failure to do so prevented Defendants from responding to his demand in a way other than they did. Defendants' objection to Burrell's demand was proper. Accordingly, Burrell's motion is denied.

## III.  CONCLUSION

**WHEREFORE,** based on the findings above, it is hereby

**ORDERED**, that Burrell's Motion to Compel Discovery (Dkt. 42, 50) is **DENIED**, and it is further

**ORDERED**, that Burrell's "Motion For Order That Matter Is Admitted On Grounds Of Insufficiency Of Answer or Object" (Dkt. 45) is **DENIED**, and it is further

**ORDERED** that the Clerk provide Burrell with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (*per curiam*).

Dated: March 23, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

2020 WL 763740

2020 WL 763740
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Dwayne HARRIS, Plaintiff,
v.
The BRONX PARENT HOUSING
NETWORK, INC., Defendant.

18-CV-11681 (GBD)(SN)
|
Signed 02/14/2020

**Attorneys and Law Firms**

Corey Scott Stark, Corey Stark PLLC, New York, NY, for Plaintiff.

Jennifer A. Redmond, Michelle Adams Callner, Redmond Law PLLC, New York, NY, for Defendant.

**ORDER**

SARAH NETBURN, United States Magistrate Judge:

 **\*1**  Plaintiff Dwayne Harris ("Plaintiff") alleges defendant The Bronx Parent Housing Network, Inc. ("Defendant") wrongfully terminated his employment based on his disability. Before the Court are several motions. Defendant seeks a protective order in response to Plaintiff's request for documents related to retaliation claims filed against Defendant. ECF No. 33. Plaintiff moves "to compel Defendant to comply with its discovery obligations." ECF No. 35. Specifically, Plaintiff maintains that Defendant failed to respond fully to four interrogatories and seven requests for documents and moves the Court to compel responses. For the reasons that follow, Defendant's motion for a protective order is GRANTED in part and DENIED in part and Plaintiff's motion to compel is GRANTED in part and DENIED in part.

**BACKGROUND**

Plaintiff filed his complaint on December 13, 2018, seeking damages under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12010, *et seq.* (the "ADA"), the New York Executive Law §§ 290, *et seq.* (the "NYSHRL"), and the Administrative Code of the City of New York §§ 8-107, *et seq.*

(the "NYCHRL") for discrimination and harassment on the basis of his disability. He alleges that after suffering a stroke in July 2017, his then-employer, Defendant, refused to engage in an individualized interactive process or to accommodate him as required by law. Plaintiff also alleges that eventually, despite his continued satisfactory performance, Defendant notified Plaintiff that he would either have to accept a significant demotion or be fired. Plaintiff claims that he declined a demotion and that Defendant then terminated his employment. Discovery in this case in still ongoing.

**DISCUSSION**

**I. Governing Legal Principles**
Rule 26(b)(1) recognizes that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ...." See Fed. R. Civ. P. 26(b)(1); see also Rule 26 Advisory Committee Notes to 2015 Amendments; Edebali v. Bankers Standard Ins. Co., 14-cv-7095 (JSA)(KT), 2016 WL 4621077, at \*1 (E.D.N.Y. Sept. 6, 2016). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37(a)(3)(B). Motions to compel made pursuant to Rule 37 are "entrusted to the sound discretion of the district court." United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

 **A. Interrogatories**
Rule 33 provides that a "party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Interrogatories "may relate to any matter that may be inquired into under Rule 26(b) ... [and] [are] not objectionable merely because [they] asks for an opinion or contention that relates to fact or the application of law to fact ...." Fed. R. Civ. P. 33(a)(2). The responding party is required to answer each interrogatory "separately and fully under oath." Fed. R. Civ. P. 33(b)(3). The Rule explicitly requires the responding party to "provide the best answer they can based upon information within their possession." Edebali, 2016 WL 4621077, at \*2.

 **\*2**  In order to ensure that each interrogatory is answered "separately" and "fully" under Rule 33(b)(3), the responding

Case 6:24-cv-01169-DNH-MJK    Document 67    Filed 03/23/26    Page 13 of 23

Harris v. Bronx Parent Housing Network, Inc., Not Reported in Fed. Supp. (2020)
2020 WL 763740

party is required "to make an inquiry and obtain information to answer the interrogatories which would include obtaining the information to fully and completely answer the interrogatories ...." Upstate Shredding, LLC v. Ne. Ferrous, Inc., 3:12-cv-1015, 2016 WL 865299 (LEK)(DEP), at *8 (N.D.N.Y. Mar. 2, 2016); see Zanowic v. Reno, 97-cv-5292, 2000 WL 1376251 (JGK)(HBP), at *3 n.1 (S.D.N.Y. Sept. 25, 2000) ("In responding to interrogatories ... a party is under a duty to make a reasonable inquiry concerning the information sought in the interrogatories, and a party's failure to describe his efforts to obtain the information sought ... renders his responses insufficient."). Where a party, despite conducting a diligent inquiry, is nevertheless unable to provide a responsive answer, any efforts utilized should be set forth in detail to ensure a sufficient response is interposed. See Edebali, 2016 WL 4621077, at *2. Further, "an answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial ... [Therefore] [r]eference to depositions, other answers to the interrogatories, other document production, the complaint itself, or any other documents are improper and thus unresponsive." Id.

### B. Requests for Production

"A party may serve on any other party a request within the scope of Rule 26(b)" to produce any designated documents or permit their inspection. Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34. If the responding party fails to produce documents, the party seeking discovery may move for an order compelling an answer, designation, production, or inspection. See Fed. R. Civ. P. 37(a)(3)(B); see also Wright v. New Moda, L.L.C., 17-cv-9737 (JGK)(SN), 2019 WL 2071158, at *3 (S.D.N.Y. May 10, 2019). If the requested documentation does not exist, the responding party's good-faith averment will resolve the issue of the failure of production. Menard v. Chrysler Grp. LLC, 14-cv-6325 (VB), 2015 WL 5472724, at *3 (S.D.N.Y. July 2, 2015).

### C. Standard for Objections

"A party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive ... by submitting affidavits or offering evidence revealing the nature of the burden.' " Pegoraro v. Marrero, 281 F.R.D. 122, 128 (S.D.N.Y.

2012) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984) (citation omitted)). "The grounds for objecting to any interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, 01-cv-7888 (SAS)(DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, accompanied by a lack of document production or interrogatory responses, "are a paradigm of discovery abuse." Jacoby v. Hartford Life & Accident Ins. Co., 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

### II. Defendant's Motion for a Protective Order

Defendant seeks a protective order in response to Interrogatory Nos. 10 and 11, seeking "all retaliation complaints made against Rivera and [Defendant];" Document Request No. 27, seeking "retaliation complaints or charges, whether formal or informal, made by any person against Rivera and/or [Defendant];" and Document Requests Nos. 28 and 29, seeking "[a]ll Documents relating to any litigation – pending, threatened, or completed – concerning ... retaliation raised by any person against either Rivera and/or [Defendant]." See ECF No. 33. Defendant argues that whether other employees filed claims of retaliation against Defendant is not relevant to this case, in which Plaintiff does not allege retaliation. Plaintiff argues that he is entitled to information about any retaliation claims against Defendant because they are relevant to claims of discrimination against the Defendant.

**\*3** Other claims of discrimination against a defendant are discoverable if limited to the same form of discrimination. See Vuona v. Merrill Lynch & Co., 10-cv-6529 (PAE), 2011 WL 5553709, at *7 (S.D.N.Y. Nov. 15, 2011). Other claims of discrimination, in this context, refers to discrimination based on the same protected characteristic. See id. (holding that plaintiff claiming gender discrimination was entitled to discover other claims of gender discrimination but not entitled to "non-gender-based complaints"); Bolia v. Mercury Print Prods., Inc., 02-cv-6510T (MWP), 2004 WL 2526407, at *2 (W.D.N.Y. Oct. 28, 2004) (holding that plaintiff was entitled only to "general discovery ... relating to discrimination claims" based on "age or disability" because those types of claims were at issue in the case). The ADA prohibits

Case 6:24-cv-01169-DNH-MJK    Document 67    Filed 03/23/26    Page 14 of 23

Harris v. Bronx Parent Housing Network, Inc., Not Reported in Fed. Supp. (2020)

2020 WL 763740

retaliation against an individual who has "opposed any act or practice made unlawful under the ADA." 42 U.S.C. § 12203. Although Plaintiff does not claim retaliation, whether other employees have been retaliated against in connecting with disability discrimination is relevant to Plaintiff's claims. If a pattern of discrimination exists, it may show that Defendant's proffered reasons for its decision regarding Plaintiff is pretextual. See Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 204 (2d Cir. 2014) ("Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive.") (quoting Hollander v. Am. Cyanamid Co., 895 F.2d 80, 84 (2d Cir. 1990)). To the extent Plaintiff seeks the identification of other claims of retaliation, he is entitled to the identification of claims of retaliation based on allegations of disability discrimination only. Defendant's request for a protective order is DENIED in part and Defendant is directed to respond to Interrogatories Nos. 10, 11 and Document Requests 27-29 to the extent based on disability discrimination and filed within the past three years. Defendant's request is GRANTED in all other respects.

## III. Plaintiff's Motion to Compel

Plaintiff seeks additional responses to four Interrogatories (Nos. 6, 13, 19, 20) and seven requests for document production (Request Nos. 3, 4, 17, 19, 20, 21, 22). See ECF No. 35.

### A. Interrogatories

First, Plaintiff moves to compel Defendant to identify "each employee Defendant terminated during the Relevant Time Period" (Interrogatory No. 6). Plaintiff contends that other employees may be his comparators and whether Defendant terminated other disabled employees is relevant. Defendant claims that the Interrogatory is overbroad and vague, seeks disclosure of personal and private information concerning employees other than Plaintiff for a period of time that pre-dates and post-dates Plaintiff's employment, and "constitutes an overbroad fishing expedition" for irrelevant information. To the extent Plaintiff seeks information about other disabled employees who were disciplined or terminated for the same or similar reasons as him, this information is likely relevant to Plaintiff's claims. Interrogatory No. 6, however, is not written to achieve the discovery of that information in reasonable manner. The request is overbroad, and to the extent it seeks relevant information, such information will

be provided in response to Plaintiff's other interrogatories about discrimination claims. Plaintiff's request regarding Interrogatory No. 6 is DENIED.

Second, Plaintiff moves to compel Defendant to identify "all documents concerning the interactive process that [Defendant] engaged in during the Relevant Time Period concerning Plaintiff" (Interrogatory No. 13). Defendant opposes on the grounds that the request seeks "information that pre-dates and post-dates Plaintiff's employment ... is not relevant to any claims or defenses ... constitutes an overly broad fishing expedition ... [and] is vague and incomprehensible ...." This request is specifically related to Plaintiff's claim that Defendants did not engage in the requisite interactive process with him. Defendant has not met its burden of demonstrating that the requested discovery is overly broad, or offered any specific objection to the request. If Defendant cannot identify any documents concerning the interactive process between Defendant and Plaintiff, Defendant must state so. Plaintiff's request regarding Interrogatory No. 13 is GRANTED.

Third, Plaintiff moves to compel Defendant to identify "any documents concerning any complaints about Plaintiff's work performance" (Interrogatory No. 19). Defendant responds by directing Plaintiff to 13 documents, already produced and identified by Bates numbers. Plaintiff's response is that these documents are non-responsive. To the extent there are additional documents concerning complaints about Plaintiff's work performance, Defendant is to identify them. Defendant also must indicate whether all documents responsive to the Interrogatory have been identified. Plaintiff's request regarding Interrogatory No. 19 is GRANTED.

**\*4** Finally, Plaintiff moves to compel Defendant to identify "all persons [Defendant] offered to demote to avoid terminating them" (Interrogatory No. 20). Defendant objects on the grounds that this request is "incomprehensible, not relevant to any claim or defense in this litigation, irrelevant as it seeks information concerning employees other than Plaintiff, and requires the adoption of the disputed assumption that Defendant offered to demote employees to avoid terminating them ...." Whether Defendant took similar adverse employment action against other individuals similarly situated to Plaintiff is relevant. Plaintiff is entitled to know the identity of other employees during the relevant time period who were offered a demotion to avoid termination. Plaintiff's request is GRANTED and the Court directs Defendant to respond to Interrogatory No. 20.

## B. Document Requests

### 1. Work Performance Assessments

Plaintiff seeks "[a]ll appraisals or assessments of Plaintiff's work performance" (Request No. 3), "[a]ll draft appraisals or assessments of Plaintiff's work performance" (Request No. 4), "a copy of all communications with or about Plaintiff" that concern Plaintiff's work performance" (Request No. 19), and "[a]ll [d]ocuments concerning any complaints about Plaintiff's work performance" (Request No. 21).

Defendant objects to each on the grounds that these requests are duplicative. I do not find the requests duplicative, although they are undoubtedly similar in nature. For each of these requests, Defendant also refers Plaintiff to documents previously produced. As discussed in this Order, and as stated at the conference dated December 13, 2019, this is not a complete response. To the extent there are additional documents, other than those produced to date, responsive to the requests, Defendant should produce them. If no other responsive documents exist, Defendant must indicate as much. Finally, Defendant argues that Request Nos. 19 and 21 are "overbroad" because they seek "all" communications (Request No. 19) and "all" documents (Request No. 21). These requests are not overbroad. Defendant has made no specific showing that producing "all" documents responsive to these relevant requests would be overly burdensome. Plaintiff's motions regarding Request Nos. 3, 4, 19, and 21 are GRANTED.

### 2. Discipline Records

Plaintiff seeks "Each Document that concerns any Discipline imposed upon Plaintiff" (request No. 17). Defendant objects on the grounds that this request is "unduly burdensome," that the definition of the term "discipline" is overbroad, vague, and contradictory, and that the request is duplicative of Request Nos. 3, 4, 12, 15, 19, and 21. I find each of these objections without merit. Defendant offers no more than conclusory reasons why this request is improper, and has made no specific showing that the request would be overly burdensome, as is required to defeat a motion to compel. Plaintiff's motion regarding Request No. 17 is GRANTED.

### 3. Interactive Process Documents

Plaintiff argues that he is entitled to "All Documents concerning the interactive process that [Defendant] engaged in during the Relevant Time Period concerning Plaintiff" (Request No. 20). Defendant objects on the grounds that this request is "incomprehensible and vague and overbroad as is seeks 'All Documents,' " and refers to several documents already produced. Plaintiff states that the identified documents are not responsive.

Plaintiff is entitled to all documents concerning the interactive process for the reasons discussed above in connection with Interrogatory No. 13. Defendant merely repeats its standardized objections in response to this request and does not make the requisite specific showing that production of these documents would be unduly burdensome. If no other responsive documents exist, Defendant must indicate as much. Plaintiff's motion regarding Request No. 20 is GRANTED.

### 4. Personnel Files for Plaintiff's Replacement(s)

**\*5** Plaintiff finally argues that he is entitled to the personnel files of any individuals who replaced him (Request No. 22). Defendant objects on the grounds that the request is overbroad, not relevant and vague. This is an unsupported position; Plaintiff is entitled to the personnel file of any of his replacements. See Go v. Rockefeller Univ., 280 F.R.D. 165, 178 (S.D.N.Y. 2012). Defendant indicates that notwithstanding its objections, it is "in the process of compiling ... and redacting private information from these files." Defendant has not justified redactions of the information of individual replacement employees. Accordingly, the responsive documents are to be produced to Plaintiff's counsel. Defendant may designate these documents confidential and redact any sensitive information, such as social security numbers, contained therein. Plaintiff's counsel is directed to comply with the following orders: Plaintiff's counsel may show or disclose the documents' contents only to other employees of his law firm, to Plaintiff, and to trial witnesses and consultants, and only to the extent necessary for trial preparation. The individuals to whom the documents' contents are disclosed are also prohibited from using that information for any purpose other than trial preparation. Plaintiff's counsel is to maintain physical custody of the documents, as well as of all copies, and is to utilize them

Case 6:24-cv-01169-DNH-MJK     Document 67     Filed 03/23/26     Page 16 of 23

**Harris v. Bronx Parent Housing Network, Inc., Not Reported in Fed. Supp. (2020)**

2020 WL 763740

solely for purposes of this litigation. Moreover, all such confidential documents and all copies are to be returned to Defendant's counsel at the conclusion of the litigation. Plaintiff's motions regarding Request No. 22 is GRANTED subject to the directives herein.

### CONCLUSION

Defendant's motion for a protective order is GRANTED in part and DENIED in part, and Plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendant is directed to provide Plaintiff with supplemental responses that comply with this Order within 10 days. The Court, in the exercise of discretion, will not impose sanctions on Defendant for necessitating Plaintiff's motion, despite the fact that Defendant's positions for refusing to comply with Plaintiff's routine discovery demands were not substantially justified in this case, as the Court strongly implied during the conference held December 13, 2019.

Additionally, at the upcoming discovery conference scheduled below, the Court will address, among other issues, Defendant's refusal to produce fact witnesses for depositions. The Court notes in advance of that conference that Defendant should be making every effort to cooperate in producing fact witnesses for depositions. If Defendant does not intend to produce such witnesses, it must immediately provide contact information so that Plaintiff may subpoena them.

Finally, the Court hereby enters the following schedule:

(1) A discovery conference to address the issues raised in Plaintiff's February 6, 2020 Letter is scheduled for Tuesday, February 25, 2020, at 4:00 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. If this date is unavailable for any party, they must contact Courtroom Deputy Rachel Slusher immediately at (212) 805-0286.

(2) All discovery in this case shall close March 20, 2020.

(3) Any party that wishes to move for summary judgment shall do so by April 17, 2020.

The Clerk of Court is respectfully directed to terminate the motions at Docket Nos. 33 and 35.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2020 WL 763740

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Docket 1:18-CV-11681**<br>Harris v. The Bronx Parent Housing Network, Inc. | — | S.D.N.Y. | Dec. 13, 2018 | Docket |

WESTLAW  © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History**

There are no History results for this citation.

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 1966219

2013 WL 1966219
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Alanna M. KENNEDY, Plaintiff(s),
v.
CONTRACT PHARMACAL CORP.,
and Matthew Wolf, Defendant(s).

No. CV 12–2664(JFB)(ETB).
|
May 13, 2013.

**Attorneys and Law Firms**

Edward J. Kennedy, Jesse Curtis Rose, Phillips & Assciates, Attorneys at Law, PLLC, New York, NY, for Plaintiff(s).

Kenneth A. Novikoff, Scott Green, Rivkin Radler LLP, Uniondale, NY, for Defendant(s).

*ORDER*

E. THOMAS BOYLE, United States Magistrate Judge.

**\*1** This is a Title VII action wherein the plaintiff, Alanna M. Kennedy, seeks damages arising from alleged acts of gender discrimination and hostile work environment, sexual harassment and retaliation against the defendant employer, Contract Pharmacal Corp. ("CPC"), and Matthew Wolf, the corporate defendant CEO.

The defendants seek to compel responses to interrogatory requests numbers 9 and 10. Plaintiff objects on the ground that the interrogatories are narrative in nature and should be covered by a deposition and on the ground that the interrogatories exceed twenty-five, including discrete subparts. *See* Fed.R.Civ.P. 33(a)(1). I agree. The interrogatories, while sixteen in number, contain twenty-seven subparts and are therefore excessive in number. *See Cramer v. Fedco Aut. Components Co., Inc.,* No. 01–CV–0757E, 2004 U.S. Dist. LEXIS 13817, at * 14, 2004 WL 1574691 (W.D.N.Y. May 26, 2004) (denying plaintiffs' motion to compel responses to interrogatories where interrogatories, including subparts, exceeded twenty-five); *Riddle v. Liz Claiborne, Inc.,* No. 00 Civ. 1374, 2003 U.S. Dist. LEXIS 14378, at *3, 2003 WL 21982967

(S.D.N.Y. Aug. 19, 2003) ("Fed.R.Civ.P. 33(a) limits the number of interrogatories available to each party to twenty-five, 'including all discrete subparts.' ").

In addition, the interrogatories basically seek narrative information that may more readily be developed at a deposition, *e.g.,* "identify the nature of and describe the allegedly discriminatory and harassing conduct," persons present, dates and locations where discriminatory acts occurred and the circumstances relating to any reporting. *See* Interrogatory No. 10. Similar issues are raised solely addressed to any alleged retaliatory acts. *See* Interrogatory No. 10. These issues, narrative in nature, should be pursued at a deposition. *See E\*Trade Fin. Corp. v. Deutsche Bank, AG,* No. 05 Civ. 902, 2006 U.S. Dist. LEXIS 82428, at *4 (S.D.N.Y. Nov.10, 2006) ("To the extent that Plaintiffs seek long narrative explanations of underlying assumptions and methodologies, they have not shown that interrogatories are a more practical means of discovery than depositions."); *Rivers v. Safesite Nat'l Bus. Records Mgmt. Corp.,* No. 94 Civ. 5323, 1995 U.S. Dist. LEXIS 12438, at *2 (S.D.N.Y. Aug. 24, 1995) (striking defendants' interrogatories because they "call[ed] for repeated detailed narratives of the events at issue in [the] case").

For the foregoing reasons, the motion to compel interrogatory responses is denied.

The defendants also seek to compel the following document demands: (1) "[a]ll documents concerning, relating to, reflecting and/or regarding Plaintiff's utilization of social networking sites," Document Request No. 11; (2) "[a]ll documents, including, but not limited to postings, concerning, relating to, reflecting and/or regarding Plaintiff's expression of an emotional feeling while utilizing a social networking site," Document Request No. 12; and (3) "[a]ll documents, including, but not limited to postings, concerning, relating to, reflecting and/or regarding Plaintiff's employment with Defendants while utilizing a social networking site," Document Request No. 13. Plaintiff objects on the ground that all of these requests are "vague, overly broad, and unduly burdensome." *Id.*

**\*2** The objections are sustained. There is no specificity to the requests and no effort to limit these requests to any relevant acts alleged in this action. Lacking relevance and specificity, the requests are vague, overly broad and unduly burdensome. *See Pegoraro v. Marrero,* 281 F.R.D. 122, 133 (S.D.N.Y. Feb.2, 2012) (sustaining vagueness objection

2013 WL 1966219

where document request used phrase "acts involving the conduct of plaintiff"); *Kelleher v. City of New York,* No. CV–06–2702, 2007 U.S. Dist. LEXIS 1831, at *3 (E.D.N.Y. Jan.10, 2007) (sustaining defendant's objections to document requests where "court fails to see the relevance of the requested information to the plaintiff's claims").

For the foregoing reasons, defendants' motion to compel is denied.

**SO ORDERED:**

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 1966219

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (2)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.** **Contract**<br>Alanna M. KENNEDY, Plaintiff, v. PHARMACAL CORP., and Matthew Wolf, individually, Defendants.<br>2012 WL 4890055 | PDF | E.D.N.Y. | May 25, 2012 | Pleading |
| **2.** **Docket 2:12cv02664**<br>KENNEDY v. CONTRACT PHARMACAL CORP. ET AL | — | E.D.N.Y. | May 25, 2012 | Docket |

**WESTLAW**   © 2026 Thomson Reuters. No claim to original U.S. Government Works.

**History**

There are no History results for this citation.

WESTLAW  © 2026 Thomson Reuters. No claim to original U.S. Government Works.